**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

EDWARD M. MITCHELL,
<u>Plaintiff-Appellant,</u>

v.

TOTAL ACTION AGAINST
POVERTY/HEAD START,                           No. 98-2546
<u>Defendant-Appellee,</u>

and

CAROLYN D. HOPPER; CLEO C. SIMS,
<u>Defendants.</u>

Appeal from the United States District Court
for the Western District of Virginia, at Roanoke.
James C. Turk, District Judge.
(CA-96-787-R)

Submitted: March 23, 1999

Decided: April 20, 1999

Before WILKINS, LUTTIG, and MICHAEL, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Bettina C. Altizer, Jack Vernon Altizer, ALTIZER & ALTIZER,
P.C., Roanoke, Virginia, for Appellant. Jonathan Rogers, JONA-
THAN ROGERS, P.C., Roanoke, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Edward M. Mitchell appeals the district court's order granting summary judgment in favor of Total Action Against Poverty/Head Start in Mitchell's employment discrimination action. We have reviewed the record and the district court's opinion and find no reversible error. Mitchell argues that the district court erred in applying the "rigid" framework of McDonnell-Douglas Corp. v. Green , 411 U.S. 792 (1973), and requiring that he show he was replaced by someone not within the protected class. Instead, to satisfy this prong of the test he suggests that he had to establish only that he was discharged under circumstances raising an inference of illegal discrimination. See, e.g., Texas Dep't of Community Affairs v. Burdine, 450 U.S. 248, 253 (1981). We need not resolve whether the district court applied the wrong standard as Mitchell fails to make out a prima facie case even under the standard he articulates. He fails to raise an inference of illegal discrimination and he also fails to show that he was performing his duties in a satisfactory manner.

Mitchell also argues that his retaliatory discharge claim was dismissed in error. We disagree. Because Mitchell fails to show that he was performing his duties in a satisfactory manner, he cannot show that but for the protected conduct, he would not have been terminated. See Dwyer v. Smith, 867 F.2d 184, 190-91 (4th Cir. 1989). Thus, the district court did not err in dismissing the claim. Accordingly, we affirm the decision of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

2